UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NHAN KHIEM TRAN,

    Plaintiff,

v.     Civil Action No. 01-0238 (ESH)

UNITED STATES DEPARTMENT
OF JUSTICE, et al.,

    Defendants.

## MEMORANDUM OPINION

This case arises under the Freedom of Information Act, 5 U.S.C. § 552, ("FOIA") and is before the Court on defendant United States Department of State's unopposed motion for summary judgment. Because defendant has demonstrated the adequacy of its response to plaintiff's FOIA request, including the proper invocation of exemptions (b)(3) and (b)(6), summary judgment will be granted in favor of the agency.[1]

## BACKGROUND

Plaintiff, proceeding pro se, is a federal prisoner currently incarcerated at the Federal Correctional Institution at Texarkana, Texas. On April 3, 2000, plaintiff made a FOIA request from the State Department for all documents concerning himself. On May 10, 2000, defendant acknowledged receipt of plaintiff's April 3 letter. Plaintiff was thereafter requested to submit

---

[1]Plaintiff has not challenged the adequacy of defendant's search or defendant's withholdings based on these exemptions, and the Court could therefore treat these issues as conceded. Fitzgibbon v. U.S. Secret Service, 747 F. Supp. 51, 59 (D.D.C. 1990). However, because plaintiff is proceeding pro se, the Court will address the merits of defendant's arguments for summary judgment.

1




additional information to enable the Department to comply with his request, including: (1) the circumstances which led him to believe records exist; (2) his citizenship status; and (3) for visa records, the location of the U.S. consulate where the visa application was made, the type of visa, whether it was granted or denied, and the date of the issuance or denial. Since plaintiff asked for all information concerning himself, but did not provide a description of the specific State Department records in existence or an indication of which offices or foreign service posts he believed contained the records sought, defendant searched its principal records system, the Central Foreign Policy File ("Central File"), the records of the Office of Passport Services and the Office of Visa Services, and the records at the Ho Chi Minh City.

One document (Document No. V01), a two-page Consular Lookout and Support System ("CLASS") report dated July 17, 2001, was found as a result of defendant's search in the Office of Visa Services. Document No. V01 pertains to the issuance or denial of a visa or permit to enter the United States and is considered confidential under 8 U.S.C. § 1202(f). Defendant argues that it is exempt from disclosure under 5 U.S.C. § 552(b)(3). In addition, the second page of Document No. V01 contains information about individuals other than plaintiff but whose names are similar to his, which led to those names being retrieved in response to a search for plaintiff's name. Defendant claims that these portions of V01 are exempt from release under 5 U.S.C. § 552(b)(6).

## LEGAL ANALYSIS

### I.   Standard of Review

In a FOIA case, the Court may award summary judgment solely on the information provided in affidavits or declarations when the affidavits or declarations describe "the

2

justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981). An agency must prove that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements." Goland v. Central Intelligence Agency, 607 F.2d 339, 352 (D.C. Cir. 1978), cert. denied, 445 U.S. 927 (1980) (internal citation and quotation omitted).

## II. Adequacy of the Search

Under FOIA, a defendant agency is obligated to conduct a "reasonable" search for responsive records using methods which can be reasonably expected to produce the information requested by plaintiff to the extent it exists. Mendoza v. Secretary of the Army, No. 98-5454, 1999 WL 515478, at *1 (D.C. Cir. 1999); Patterson v. IRS, 56 F.3d 832, 841 (7th Cir. 1995); Weisburg v. DOJ, 705 F.2d 1344, 1351 (D.C. Cir. 1983). The agency need not "set forth with meticulous documentation the details of an epic search for the requested records," Perry v. Block, 684 F.2d 121, 127 (D.C. Cir. 1982), but it must show "that the search method was reasonably calculated to uncover all relevant documents." Weisburg v. DOJ, 745 F.2d 1476, 1485 (D.C. Cir. 1984); see Oglesby v. United States Dep't of the Army, 920 F.2d 57, 68 (D.C. Cir. 1990) (FOIA requires an agency to conduct only a reasonable search for requested records using "methods reasonably expected to produce the information requested"). Agency declarations in this regard are afforded a presumption of good faith. See SafeCard Services, Inc. v. SEC, 926 F.2d 1197, 1200 (D.C. Cir. 1991).

In this case, the Department conducted a reasonable search for records in response to

3

plaintiff's request. The Declaration of Margaret Grafeld ("Grafeld Decl.") sets forth the steps that the agency took to search for documents. Because plaintiff asked for all information concerning himself but did not provide a description of the specific records he believed existed, the agency searched at least six separate areas, including its principal records system and American outposts in Vietnam for relevant documents. (Grafeld Decl. ¶ 11.) The Grafeld Declaration describes with specificity the steps that the agency took in searching these locations. (Id. ¶¶ 12-17.) The agency initiated and completed a thorough search of records in response to plaintiff's FOIA request.

## III.   Exemption (b)(3)

Exemption (b)(3) of the FOIA covers records that are "specifically exempted from disclosure by statute . . . provided that such statute either "(A) [requires withholding] in such a manner as to leave no discretion on the issue," or "(B) establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552 (b)(3). The statute applicable to this case is 8 U.S.C. § 1202(f). This provision of the Immigration and Nationality Act provides that:

> [T]he records of the Department of State and of the diplomatic and consular offices of the United States pertaining to the issuance or refusal of visas or permits to enter the United States shall be considered confidential and shall be used only for the formulation, amendment, administration, or enforcement of the immigration, nationality, and other laws of the United States, except that in the discretion of the Secretary of State certified copies of such records may be made available to a court which certifies that the information contained in such records is needed by the Court in the interest of the ends of justice in a case pending before the Court.

8 U.S.C. § 1202(f)[2]. The document at issue, V01, is a two page CLASS report. Document V01 was created from information retrieved from the visa database in response to the input of plaintiff's name. (Grafeld Decl. at 14-15.) The information and the document pertain to the issuance or denial of a visa or permit to enter the United States in a specific case and is considered confidential under 8 U.S.C. § 1202(f). It is therefore exempt from disclosure under Exemption 3.

## IV.   Exemption (b)(6)

Exemption 6 permits withholding information, "the disclosure of which would constitute clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). To determine whether defendant's non-disclosure is proper, the Court must balance the privacy interests of the objects of the requests with the public's interest in disclosure. See Dep't of the Air Force v. Rose, 425 U.S. 352, 372 (1976). In determining how to balance the private and public interests involved, this Circuit has sharply limited the notion of "public interest" under the FOIA: "The only relevant public interest in the FOIA balancing analysis is the extent to which disclosure of the information sought would shed light on an agency's performance of its statutory duties or otherwise let citizens know 'what their government is up to.'" Lepelletier v. FDIC, 164 F.3d 37, 46 (D.C. Cir. 1999).

The second page of V01 contains information about individuals other than plaintiff, but whose names are similar to his. (Grafeld Decl. at 15.) Release of their names or information about them would clearly constitute an unwarranted invasion of personal privacy in the absence

---

[2] See Medina-Hincapie v. Department of State, 700 F.2d 737, 741-42 (D.C. Cir. 1983) (concluding that 8 U.S.C. § 1202(f) qualifies as a withholding statute under FOIA).

of any public interest in release of the information. Id. Therefore, portions of V01 are exempt from release under Exemption 6.

## V.     Segregability

FOIA requires that if a record contains information that is exempt from disclosure, any "reasonably segregable" information must be disclosed after deletion of the exempt information unless the non-exempt portions are "inextricably intertwined with exempt portions." 5 U.S.C. § 552(b); Mead Data Cent., Inc. v. United States Dept. of the Air Force, 566 F.2d 242, 260 (D.C. Cir. 1977). The agency must provide a "detailed justification" to demonstrate that all reasonably segregable information has been released, Mead Data, 566 F.2d at 261, and show "with reasonable specificity" why a document cannot be further segregated. Armstrong v. Executive Office of the President, 97 F.3d 575, 578-79 (D.C. Cir. 1996). The Grafeld Declaration describes with specificity the substance of document V01, and explains that because the document 1) pertains to the issuance or denial of a visa and 2) contains personal information about individuals other than plaintiff, there is no part of V01 that can be segregated and released to plaintiff. (Grafeld Decl. ¶¶ 21, 24.)

## CONCLUSION

For the reasons stated above, the Court finds that defendant has adequately searched for documents responsive to plaintiff's FOIA request and has provided sufficient justifications for nondisclosure under Exemptions (b)(3) and (b)(6). Accordingly, defendant's motion for summary judgment is granted. A separate order accompanies this Opinion.

_____
Ellen Segal Huvelle
United States District Judge

Dated: 11/19/01