UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NHAN KHIEM TRAN, :
:
      Plaintiff, :
:
v. : Civil Action No. 01-0238 (ESH)
:
UNITED STATES DEPARTMENT :
OF JUSTICE, et al., :
:
      Defendants. :
:

FILED
NOV 2 0 2001
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MEMORANDUM OPINION

This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and is before the Court on the United States Department of Justice's unopposed motion for summary judgment, on behalf of its subcomponent, defendant Immigration and Naturalization Service ("INS"). Because defendant has demonstrated the adequacy of its response to plaintiff's FOIA request, including the propriety of withholding information pursuant to Exemptions 7(C) and 7(E), defendant's motion for summary judgment will be granted.[1]

## BACKGROUND

Plaintiff, proceeding pro se, is a federal prisoner currently incarcerated at the Federal Correctional Institution at Texarkana, Texas. On April 19, 2000, the Headquarters FOIA Office ("HQFOIA") of INS received a FOIA request dated April 3, 2000, from plaintiff requesting any

---

[1] Plaintiff has not challenged the adequacy of defendant's search or defendant's withholdings based on these exemptions, and the Court could therefore treat these issues as conceded. Fitzgibbon v. U.S. Secret Service, 747 F. Supp. 51, 59 (D.D.C. 1990). However, because plaintiff is proceeding pro se, the Court will address the merits of defendant's arguments for summary judgment.

1



and all documents concerning himself. On June 21, 2000, HQFOIA began the search for responsive records using the Central Index System ("CIS"). HQFOIA notified plaintiff by letter dated June 21, 2000 that records pertaining to his request were maintained under the jurisdiction of the INS Oakdale suboffice.

On or about July 17, 2001, the Oakdale Sub-District, District of New Orleans office of INS ("Oakdale Office") searched the Central Index System and determined that plaintiff's records were located at the INS Dallas district. The Oakdale office contacted the Dallas FOIA Unit on July 31, 2001, and spoke with Miguel Lopez, paralegal specialist, to inform him of the Transfer of Request relating to the plaintiff. Using the Receipt and Alien File Accountability and Control System, an internal database which locally tracks files for each INS office, Mr. Lopez determined that plaintiff's files were located at Dallas ("DAL") Investigations. DAL Investigations promptly delivered the plaintiff's file to Mr. Lopez. The request was processed on August 1, 2001, and of the 134 pages of material responsive to plaintiff's request, 132 pages were released in full.

Defendant asserts that two pages are exempt from disclosure pursuant to Exemptions 7(C) and 7(E) of the FOIA. Pursuant to 5 U.S.C. § 552(b)(7)(C), defendant is withholding an I-94 Arrival/Departure Record containing third party information unrelated to the plaintiff. Pursuant to 5 U.S.C. § 552(b)(7)(E), defendant is withholding a G-658 form, Records of Information Disclosure, containing techniques and procedures used in law enforcement investigations.

## LEGAL ANALYSIS

**I.   Standard of Review**

In a FOIA case, the Court may award summary judgment solely on the information provided in affidavits or declarations when the affidavits or declarations describe "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981). An agency must prove that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements." Goland v. Central Intelligence Agency, 607 F.2d 339, 352 (D.C. Cir. 1978), cert. denied, 445 U.S. 927 (1980) (internal citation and quotation omitted).

## II.  Adequacy of the Search

Under FOIA, a defendant agency is obligated to conduct a "reasonable" search for responsive records using methods which can be reasonably expected to produce the information requested by plaintiff to the extent it exists. Mendoza v. Secretary of the Army, No. 98-5454, 1999 WL 515478, at *1 (D.C. Cir. 1999); Patterson v. IRS, 56 F.3d 832, 841 (7th Cir. 1995); Weisburg v. DOJ, 705 F.2d 1344, 1351 (D.C. Cir. 1983). The agency need not "set forth with meticulous documentation the details of an epic search for the requested records," Perry v. Block, 684 F.2d 121, 127 (D.C. Cir. 1982), but it must show "that the search method was reasonably calculated to uncover all relevant documents." Weisburg v. DOJ, 745 F.2d 1476, 1485 (D.C. Cir. 1984); see Oglesby v. United States Dep't of the Army, 920 F.2d 57, 68 (D.C. Cir. 1990) (FOIA requires an agency to conduct only a reasonable search for requested records using "methods reasonably expected to produce the information requested"). Agency declarations in this regard are afforded a presumption of good faith. See SafeCard Services, Inc. v. SEC, 926

F.2d 1197, 1200 (D.C. Cir. 1991).

In this case, the INS completed a reasonable search for documents responsive to plaintiff's request. The Declaration of Miguel Lopez ("Lopez Decl.") sets forth with sufficient specificity the steps that defendant took to locate records related to plaintiff. Defendant searched its main database, located plaintiff's file in Dallas, and immediately recalled that file for review and release to plaintiff. (Lopez Decl. ¶¶ 8-10.) The search was therefore "reasonably calculated to uncover all relevant documents." Weisburg, 745 F.2d at 1485.

### III. Exemption 7(C)

Exemption 7(C) exempts from disclosure information compiled for law enforcement purposes to the extent that disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. §552(b)(7)(C). This determination necessitates a balancing of the individual's right to privacy against the public's right of access to information in government files. See, e.g., United States Dep't of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 7760-780 (1989). The privacy interest of third parties mentioned in law enforcement files is "substantial," while "the public interest in disclosure [of third-party identities] is not just less substantial, it is insubstantial." SafeCard Services, Inc. v. SEC, 926 F.2d 1197, 1205 (D.C. Cir. 1991).

The I-94 Arrival/Departure form was properly withheld by defendant to prevent the release of third party information unrelated to the plaintiff pursuant to Exemption (7)(E). The name and information listed on the document could identify a third party unrelated to the plaintiff. (Lopez Decl. ¶ 11.) Release of this person's and personal information would be an unwarranted invasion of personal privacy. (Id.) Therefore, the document was properly withheld

4

from defendant's request.

## IV.   Exemption 7(E)

Exemption 7(E) permits the government to withhold "records or information . . . compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of law." 5 U.S.C. § 552(b)(7)(E). As is clear, this exemption contains two distinct protective clauses. As for the first clause of 7(E), law enforcement techniques and procedures receive "categorical protection" as long as the technique or procedure is not well known to he public. Fisher v. United States Dep't of Justice, 772 F. Supp. 7, 12 n.9 (D.D.C. 1991), aff'd, 968 F.2d 92 (D.C. Cir. 1992) (unpublished table decision). Alternatively, even if techniques and procedures are commonly known, they may be protected from disclosure "if disclosure of the circumstances of their use could lessen their effectiveness." Hale v. United States Dep't of Justice, 973 F.2d 894, 902-03 (10th Cir. 1992), vacated and remanded on other grounds, 509 U.S. 918 (1993).

A G-658 form, Records of Information and Disclosure, was properly withheld by defendant to prevent the release of law enforcement techniques and procedures pursuant to Exemption (7)(E). G-658 is used when another agency reviews any portion of immigration records of a lawful permanent resident or United States Citizen in connection with an official investigation. (Lopez Dec. ¶ 12.) In this case, the Houston, Texas Police Department reviewed plaintiff's records via the Houston District Office. Information contained in this document

5

would reveal techniques and procedures used in law enforcement investigations. (Id.) Therefore, the document was properly withheld from defendant's request.

## V. Segregabililty

FOIA requires that if a record contains information that is exempt from disclosure, any "reasonably segregable" information must be disclosed after deletion of the exempt information unless the non-exempt portions are "inextricably intertwined with exempt portions." 5 U.S.C. § 552(b); Mead Data Cent., Inc. v. United States Dept. of the Air Force, 566 F.2d 242, 260 (D.C. Cir. 1977). The agency must provide a "detailed justification" to demonstrate that all reasonably segregable information has been released, Mead Data, 566 F.2d at 261, and show "with reasonable specificity" why a document cannot be further segregated. Armstrong v. Executive Office of the President, 97 F.3d 575, 578-79 (D.C. Cir. 1996). Here, INS has released 132 pages in full, and has claimed exemptions for only two pages of records. Further, defendant has demonstrated that those two pages are fully exempt from disclosure under FOIA. (Lopez Decl. ¶¶ 11-12.) INS has therefore released all reasonably segregable portions of the records.

## CONCLUSION

Defendant has completed an adequate search in response to plaintiff's FOIA request and has provided sufficient justifications for the nondisclosure under exemptions 7(C) and 7(E). Accordingly, defendant's motion for summary judgment is granted. A separate order accompanies this opinion.

_____
Ellen Segal Huvelle
United States District Judge

Dated: 11/19/01